UNITED STATES DISTRICT COURT  CG7285
SOUTHERN DISTRICT OF NEW YORK

ABDOURAKHMANE AMAR,

      Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. CHRISTOPHER McNEELY (Shield #23479), P.O. DENIS McCARTHY (Shield #23389) and P.O.s JOHN DOES #1-5 (said names being fictitious, as the true names are presently unknown), Individually and in their Official Capacities.

      Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff ABDOURAKHMANE AMAR, by his attorneys, MYERS SINGER & GALIARDO, LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. CHRISTOPHER McNEELY, P.O. DENIS McCARTHY and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiffs' rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiffs' constitutional and civil rights.

4. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

5. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

6. Plaintiffs demand a trial by jury on each and every one of their claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. At all times relevant hereto, Plaintiff, an African American male, was and is a resident of New York, New York, located in the Southern District of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

9. At all times relevant, defendants P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

10. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

11. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

12. On May 3, 2015, at approximately 10:00 p.m., Plaintiff ABDOURAKHMANE AMAR was standing on or upon a public sidewalk located on West 49th Street near its intersection with Broadway, New York, New York.

13. In or about this time, defendant police officers arrived at the West 49th Street area.

14. A number of people on the sidewalk, some of whom were street vendors, began to flee from the area.

15. Plaintiff also began to leave the location. As he was walking across Broadway, a police officer accosted him from behind and grabbed his left arm.

16. As plaintiff stood motionless, the police officer wrestled plaintiff forcibly to the ground, upon information and belief, with the use of an "arm bar".

17. The officer then began to forcibly arrest and handcuff plaintiff, who gave no resistance.

18. As a result of defendants' conduct, plaintiff sustained, *inter alia*, injuries to his left arm and shoulder, including a displaced fracture of the humerus.

19. On or about May 4, 2015, Plaintiff was arraigned in Criminal Court, New York County, New York, on the misdemeanor of, *inter alia*, unlicensed vending and resisting arrest.

20. Plaintiff fought the case and all criminal charges against him were dismissed.

21. On July 14, 2015, and within ninety (90) days of the incident, a Notice of Claim on behalf of Plaintiff ABDOURAKHMANE AMAR was served upon the NYC.

22. A Hearing pursuant to General Municipal Law Section 50-H was held on February 25, 2016.

23. At least thirty (30) days have elapsed since said demand and/or claim upon which this action is in part predicated was presented to the NYC for adjustment and the NYC has neglected and/or refused to adjust and/or make payment.

24. This action is commenced within one year and ninety days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

25. Plaintiffs repeat, reiterate and re-allege each and every allegation contained in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

27. All of the aforementioned acts deprived Plaintiff, ABDOURAKHMANE AMAR, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

28. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

31. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

### SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

### THIRD CLAIM FOR RELIEF: FALSE AREST UNDER 42 U.S.C 1983

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. As a result of Defendants' aforementioned conduct, Plaintiff ABDOURAKHMANE AMAR was subject to an illegal and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted in criminal proceedings, without any probable cause, privilege or consent.

36. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

37. As a result of his false arrest, Plaintiff ABDOURAKHMANE AMAR was subjected to humiliation, ridicule and disgrace before members of the community.

38. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UNDER 42 U.S.C. 1983

39. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 38 with the same force and effect as if fully set forth herein.

40. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

41. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

43. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

44. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

45. The criminal proceedings against Plaintiff were dismissed.

## THIRD CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 U.S.C. 1983

46. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 45 with the same force and effect as if fully set forth herein.

47. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

48. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

49. As a result of the excessive force and brutality, Plaintiff sustained a fractured bone of his left arm and/or shoulder, bruising and swelling and range of motion loss.

50. All of the aforementioned acts of Defendants constituted excessive force under the laws of the State of New York and they are liable for said damage.  Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF:
## MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. 1983

51. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 50 with the same force and effect as if fully set forth herein.

52. Defendants issued legal process to place Plaintiff under arrest.

53. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

54. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## FIFTH CLAIM FOR RELIEF:
## STATE COURT NEGLIGENCE

55. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 54 with the same force and effect as if fully set forth herein.

56. Defendants acted in a careless and negligent manner when taking plaintiff into custody, while applying an "arm bar" and causing plaintiff to suffer a fractured arm as a result thereof.

57. Defendants' careless and negligent actions caused injury to the plaintiff.

58. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

59. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 58 with the same force and effect as if fully set forth herein.

60. Defendant Police Officers arrested ABDOURAKHMANE AMAR despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

61. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

63. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were no limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

64. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff ABDOURAKHMANE AMAR.

65. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

66. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

67. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff ABDOURAKHMANE AMAR.

68. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

69. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in

violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

70. All of the foregoing acts by Defendants deprived Plaintiff ABDOURAKHMANE AMAR of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from excessive force and/or battery; and

   d. To be free from intentional assault and infliction of emotional distress;

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff ABDOURAKHMANE AMAR demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory; and

2. Punitive damages; and

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         August 2, 2016

Respectfully submitted,

_____
Christopher D. Galiardo (CG7285)

MYERS SINGER & GALIARDO, LLP
*Attorneys for Plaintiff*
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900